**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                                          |     |                              |
| ---------------------------------------- | --- | ---------------------------- |
| **ANTHONY LOCONTE,**                     | *   |                              |
|                                          | *   |                              |
|    **Plaintiff,**         | *   |                              |
|                                          | *   |                              |
| **v.**                                   |     | **Case No.: PWG-17-2052**    |
|                                          | *   |                              |
| **MONTGOMERY COUNTY, MARYLAND,**         | *   |                              |
|                                          | *   |                              |
|    **Defendant.**         | *   |                              |
|                                          | *   |                              |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Defendant Montgomery County, Maryland (the "County") hired Plaintiff Anthony Loconte as a Hazmat Permitting Program Manager in July 2005 and terminated his employment on January 2, 2015. Compl. ¶¶ 6, 51–52. ECF No. 1. Believing that his termination, as well as his supervisors' treatment of him leading up to his termination, was discriminatory, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 – 12213, Loconte filed an EEOC Charge and then this lawsuit. *Id.* ¶¶ 4–5; EEOC Charge, ECF No. 7-1. The County has moved to dismiss, arguing that Loconte's EEOC Charge was not timely and he failed to exhaust his administrative remedies as to his retaliation claim. ECF No. 14. Because there is evidence that Loconte's EEOC Charge was timely and that it included the retaliation claim, the County's Motion to Dismiss, construed as a motion for summary judgment with regard to timeliness and otherwise treated as a motion to dismiss, is denied.

## **Background**

Loconte alleges that he sustained a right knee injury in November 2011, Compl. ¶ 9, and was diagnosed with Complex Regional Pain Syndrome, also known as Reflex Sympathetic Dystrophy, *id.* ¶ 11. He claims that, in 2013, he "noted a spread in the disease," which "forced [him] to limp favoring his left leg and wear a full leg immobility brace." *Id.* ¶ 14. According to Loconte, at that time, he had been receiving consistently "average to above average performance" evaluations throughout his employment. *Id.* ¶¶ 7, 22.

Loconte claims that, with the increase in his pain from his disability, he repeatedly sought accommodations, including the ability to work a flex schedule and telecommute one day per week to decrease the amount of time he spent commuting, as sitting in a car exacerbated his symptoms. *Id.* ¶¶ 16, 17, 25–27. According to Loconte, not only were his requests ignored, but immediately after he formally requested an accommodation in August 2014, he received a "Notice of Intent to Terminate" on September 2, 2014, which mentioned his disability as "a consideration for their decision." *Id.* ¶¶ 28–29. Loconte, who was placed on administrative leave, appealed the decision, and the three-member panel did not agree with the decision to terminate his employment. *Id.* ¶¶ 30, 32. Nevertheless, he remained on administrative leave, and in his view, his "supervisors engaged in a bizarre and sustained campaign of retaliation, intimidation, harassment and bullying to force the Plaintiff[']s resignation," for example by requiring him to make a three-hour round trip car ride to report to work for an "ethics investigation" that they did not have the authority to conduct. *Id.* ¶¶ 36–41.

Loconte alleges that he repeatedly emailed his supervisors, asking to return to work, but he was ignored. Compl. ¶¶ 34, 35, 43. He received a new termination notice on December 19, 2014, which eliminated the reference to his disability. *Id.* ¶ 44. That notice was rescinded and

replaced with a December 26, 2014 notice of "termination for unsubstantiated ethics violations," and his termination became final on January 2, 2015. *Id.* ¶¶ 51–52.

Loconte alleges that he filed his EEOC Charge "around September 2015." Compl. ¶ 1. His EEOC Charge, which was not received until November 12, 2015, includes a "Filing of Charges" as an attachment; the heading states that it was submitted to the EEOC on August 27, 2015 via certified mail. Filing of Charges 1, EEOC Charge Att., ECF No. 7-1, at 3–5. The EEOC received the Filing of Charges on September 11, 2015. Email Corresp. from EEOC, ECF No. 9-1 (acknowledging receipt).

In it, Loconte alleged disability discrimination in violation of the ADA. Filing of Charges, ECF No. 7-1, at 3, 4. He also alleged that he informed his supervisors of the "progression of the disease" and

> Defendants responded by informing the plaintiff that he was 'not dependable' and commenced disciplinary action on the Plaintiff for what they interpreted as misconduct. The plaintiff protested each time and clearly informed his supervisors that he felt his disability and/or the medications he was taking were contributing to the problem. The Defendants responded by issuing a "Notice of intent to Terminate" on September 2, 2014 and the Plaintiff was placed on administrative leave.

*Id.* at 4. He claimed that the County "wrongfully terminated him without having addressed all appropriate reasonable accommodation requests made by the Plaintiff as required by law." *Id.* at 4–5. Additionally, he claimed that "[i]mmediately" after he challenged the September 2, 2014 notice of termination, the Defendants engaged in a campaign of harassment to force the Plaintiff[']s resignation." *Id.* at 4.

Loconte signed his formal EEOC Charge on November 5, 2015, and the EEOC received it on November 12, 2015. EEOC Charge, ECF No. 7-1. On that Charge, he only checked the box next to "disability" discrimination; he did not check the "retaliation" box. After receiving

his "Notice of Right to Sue" from the EEOC, he filed suit in this Court, claiming disability discrimination, in the form of "bullying, intimidation, harassment, retaliation and eventual wrongful termination," in violation of the ADA. *See* Compl. ¶¶ 4–5; *see also* Pl.'s Opp'n 3.

The County, insisting that Loconte did not file his EEOC Charge until November 12, 2015, has moved to dismiss, based on Loconte's failure to file his EEOC Charge within 300 days of any of the alleged ADA violations, the latest being his January 2, 2015 termination. ECF No. 14. It also argues that the Court must dismiss the retaliation claim because Loconte did not include that claim in his EEOC Charge. The parties fully briefed the motion. ECF Nos. 14-1, 18, 19. A hearing is not necessary. *See* Loc. R. 105.6.

## Standard of Review

Pursuant to Rule 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as Defendant does here with regard to the retaliation claim,

"the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Lutfi v. United States*, 527 F. App'x 236, 241 (4th Cir. 2013); *Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013). Although at this stage of the proceedings, I accept the facts as alleged in Loconte's Complaint as true, *see Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), when reviewing a motion to dismiss, I "may consider . . . documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). Accordingly, I will consider the EEOC Charge and its attached Filing of Charges, which the County attached to its Motion to Dismiss, ECF No. 14-2, and which is integral to Loconte's Complaint, and the authenticity of which is undisputed. *See Sposato*, 2013 WL 1308582, at *2.

With regard to the timeliness issue, Loconte offered evidence in the form of a United States Postal Service return receipt, ECF No. 18-1, and emails from the EEOC, ECF No. 9-1, to show that the EEOC received his initial filing on September 11, 2015.

> When "matters outside the pleading are presented to and not excluded by the court, the [Rule 12(b)(6) ] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). However, before a court converts a Rule 12(b)(6) motion into a motion for summary judgment, it must determine whether the plaintiff had adequate notice of conversion. *See Laughlin v. Metropolitan Washington Airports Auth.,* 149 F.3d 253, 260–61 (4th Cir. 1998).

*Mezu v. Morgan State Univ.*, 264 F. Supp. 2d 292, 295 (D. Md.), *aff'd sub nom. Mezu v. Dolan*, 75 F. App'x 910 (4th Cir. 2003).

As in *Mezu*, Plaintiff "h[im]self invited conversion" by presenting evidence in opposition to the County's motion. *See id.* Consequently, he, like Mezu, "was clearly on notice of the possibility that I would consider such . . . exhibits and convert the motion into one for summary judgment." *Id.*; *see also Gay v. Wall,* 761 F.2d 175, 177 (4th Cir.1985) ("When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment."). Therefore, I will treat the County's motion as one for summary judgment with regard to the timeliness issue. *See Mezu*, 264 F. Supp. 2d at 295. I view the relevant facts regarding timeliness in the light most favorable to Loconte as the party opposing summary judgment. *See Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003); *Lynn v. Monarch Recovery Mgmt., Inc.*, No. WDQ-11-2824, 2013 WL 1247815, at *1 n.5 (D. Md. Mar. 25, 2013).

## Timeliness of EEOC Charge

"[T]he ADA incorporates [the] enforcement procedures [from Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*], including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court." *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (citations omitted); *see also Murphy v. Adams*, No. DKC-12-1975, 2014 WL 3845804, at *7 (D. Md. Aug. 4, 2014) ("[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies." (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013))). Additionally, the charge must be timely, although "the timeliness of an EEOC charge is not a jurisdictional matter." *Underdue v. Wells Fargo Bank, N.A.*, 684 F. App'x 346, 347 (4th Cir. 2017) (citing *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014). Rather, failure to file a timely EEOC charge is a basis for dismissal

under Rule 12(b)(6) for failure to state a claim. *See id.* In Maryland, discrimination claims must

be filed with the EEOC no later than 300 days after the alleged discriminatory conduct. *See*

*Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); *Abdi v. Giant Food, LLC*, No.

PWG-14-2988, 2016 WL 808775, at *4 (D. Md. Mar. 2, 2016).

As noted, the County attached to its Motion to Dismiss Loconte's EEOC Charge and the

Filing of Charges attached to it. ECF No. 14-2. The EEOC received the Charge itself on

November 12, 2015, more than 300 days after Loconte's termination. But it acknowledged in an

email that it received the Filing of Charges on September 11, 2015, fewer than 300 days after

Loconte's termination. Email Corresp. from EEOC, ECF No. 9-1; Return Receipt, ECF No. 18-

1. The County does not challenge whether or when the Filing of Charges occurred, but contends

that this previous filing does not make Loconte's late-filed Charge timely because the Charge

does not relate back to the earlier filing.

> To be considered "a sufficient charge," a filing with the EEOC
>
> must be "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Additionally, the filing "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008) (discussing similar language in 29 C.F.R. § 1626.6).

*Garrison v. McCormick & Co.*, No. JFM-10-298, 2010 WL 2651639, at *2 (D. Md. June 30,

2010); *see also Merchant v. Prince George's Cty., Md.*, 948 F. Supp. 2d 515, 520–21 (D. Md.

2013) ("[T]he EEOC regulations . . . contain a catchall clause, which provides that 'a charge is

sufficient when the [EEOC] receives from the person making the charge a written statement

sufficiently precise to identify the parties, and to describe generally the action or practices

complained of.'" (quoting 29 C.F.R. § 1601.12(b))). Thus, a document does not need to be a

formal charge to suffice. *See Lane v. Wal-Mart Stores E., Inc.*, 69 F. Supp. 2d 749, 753 (D. Md. 1999) (concluding that "the allegations contained in Lane's ADA Information Form" were "sufficiently precise to describe generally the actions or practices complained of" and reasoning that the document satisfied the requirements of § 1601.12(b) and "[i]n dicta, the Fourth Circuit implied that a detailed letter sent by a complaining party to the EEOC constituted an administrative charge, such that the relation back doctrine could have been appropriately applied to the document. *See Tinsley* [*v. First Union Nat'l Bank*, 155 F.3d 435, 438, 439 n.2 (4th Cir. 1998)] (describing the district court's mistake in refusing to apply 29 C.F.R. § 1601.12(b) to the plaintiff's 'detailed letter explaining her retaliation claims')"). Rather, "a filing must . . . 'be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee' before it can be deemed a charge." *Merchant*, 948 F. Supp. 2d at 521 (quoting *Fed. Express Corp. v. Holowecki,* 552 U.S. 389, 402 (2008)).

Loconte's Filing of Charges identified him as the plaintiff and identified the County; Chris Voss, Director of the County's Office of Emergency Management and Homeland Security ("OEMHS"); and Charles Crisostomo, Operations Manager for the County's OEMHS, as defendants. Filing of Charges, ECF No. 7-1, at 3. In it, Loconte alleged that he had a disability and that, when he "kept his supervisors informed" about required medical procedures and the effects of his disability, they harassed him, "commenced disciplinary action" and ultimately terminated his employment, initially stating that "the Plaintiff[']s disability was a 'consideration' in his dismissal." *Id.* at 4–5. He also claims that, immediately after he appealed the initial Notice of Intent to Terminate, "Defendants engaged in a campaign of harassment to force the Plaintiff[']s resignation." *Id.* Further, Loconte stated in the Filing of Charges that he is

"notifying the United States Equal Opportunity Employment Commission of intent to bring forward charges . . . for ongoing disability discrimination and harassment [from January 2014 through January 2015] which ended with the Plaintiff['] wrongful termination on January 2, 2015." *Id.* at 3–4. He asserted that he brought the "charges for investigation to the EEOC." *Id.* at 4. These detailed allegations certainly constitute a "sufficient charge." *See Garrison*, 2010 WL 2651639, at *2.

But a charge also must be verified. *See Lane*, 69 F. Supp. 2d at 752 (noting that "failure to verify the charge" is a "technical defect[]" under 29 C.F.R. § 1601.12(b)). It is undisputed that the Filing of Charges is signed, but not verified. *See* Filing of Charges, ECF No. 7-1, at 5. Nonetheless, if the "document filed with the EEOC . . . actually constitute[s] a charge," which Loconte's Filing of Charges does, it "'may be amended to cure technical defects or omissions'" and "'[s]uch amendments . . . will relate back to the date the charge was first received.'" *See Garrison*, 2010 WL 2651639, at *2 (quoting 29 C.F.R. § 1601.12(b)); *see also Merchant*, 948 F. Supp. 2d at 521 ("An unverified document that satisfies the other substantive requirements for a charge can be cured by a later-filed charge that is verified, in which case the verified charge relates to the filing date of the unsworn charge."); *Lane*, 69 F. Supp. 2d at 752 ("[A] charge may be amended to cure technical defects or omissions, *including failure to verify the charge* . . . . Such amendments . . . will relate back to the date the charge was first received." (emphasis added; citation omitted)). Indeed, "[t]he Fourth Circuit has upheld the validity of this regulation, holding that 'a reasonable construction of the EEOC's regulation would simply allow charges to be verified and to relate back ... so long as the charge is a viable one in the EEOC's files.'" *Lane*, 69 F. Supp. 2d at 752 (quoting *Balazs,* 32 F.3d at 157).

Loconte signed and verified his EEOC Charge on November 5, 2015, and the EEOC received it on November 12, 2015. This "later-filed charge that is verified . . . relates to the filing date of the unsworn charge," that is, September 11, 2015. *See Merchant*, 948 F. Supp. 2d at 521; *see also Garrison*, 2010 WL 2651639, at *2; *Lane*, 69 F. Supp. 2d at 752; 29 C.F.R. § 1601.12(b)). Consequently, Loconte filed a timely charge, and the County's motion is denied insofar as it relies on this ground. *See Merchant*, 948 F. Supp. 2d at 521; *Garrison*, 2010 WL 2651639, at *2; *Lane*, 69 F. Supp. 2d at 752; 29 C.F.R. § 1601.12(b)).

**Exhaustion of Retaliation Claim**

Under the circumstances of this case, in which the retaliation that Loconte alleges in federal court predates the EEOC Charge, another exhaustion requirement is that Loconte must have raised this claim in the EEOC Charge. *See Hunter v. Vilsack*, No. DKC-07-2655, 2010 WL 1257997, at *8 (D. Md. Mar. 26, 2010); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 303 (4th Cir. 2009). In *Hunter*, this Court held that the rule from *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992), and *Hill v. West Electric Co.*, 672 F.2d 381, 390 n.6 (4th Cir. 1982)—that claims are exhausted if related to claims in an EEOC charge—does not apply if the claims "could have been raised in [plaintiff's] EEOC charge, but were not." 2010 WL 1257997, at *8. This is because a later-filed EEOC charge suggests that the plaintiff was not "'reluctant to file additional charges for fear of further reprisal,'" and therefore the plaintiff should not be excused from exhausting administrative remedies for claims predating the EEOC charge's filing. *Id.* (quoting *Cherry v. Bealefeld*, No. CCB-08-1228, 2010 WL 917421, at *7 (D. Md. March 9, 2010)).

Loconte filed his EEOC Charge without checking the box for retaliation. But, this Court routinely considers the facts alleged in the narrative provided with an EEOC charge to determine which claims a plaintiff exhausted. *E.g.*, *Whitaker v. Maryland Transit Admin.*, No. ELH-17-

00584, 2018 WL 902169, at *19–21 (D. Md. Feb. 14, 2018) (considering both which box was checked on the EEOC charge (retaliation) and the narrative on the EEOC charge (which described only retaliation) to conclude that the plaintiff "failed to exhaust his administrative remedies for the Title VII claim of race discrimination"); *Plummer v. Wright*, No. TDC-16-2957, 2017 WL 4417829, at *8 (D. Md. Oct. 3, 2017) (dismissing retaliation claim for failure to exhaust administrative remedies where "Plummer failed to check the 'retaliation' box in her 2014 EEO Complaint *or otherwise allege retaliation elsewhere in that filing*"); *Ciociola v. Baltimore City Bd. of Sch. Comm'rs*, No. CCB-15-1451, 2017 WL 4280729, at *7 (D. Md. Sept. 27, 2017) ("Ciociola never checked the retaliation box on his EEOC charge form and *neither did he mention his retaliation claim in his narrative*. . . . There is not a single fact alleged . . . that would hint at the existence of retaliation. A reasonable investigation of these facts would not include retaliation, and, therefore, the plaintiff's retaliation claim must be dismissed for failure to exhaust his administrative remedies." (emphasis added)); *Belyakov v. Med. Sci. & Computing*, 86 F. Supp. 3d 430, 440 (D. Md. 2015) ("Belyakov did not check the box for national origin discrimination in his EEOC charge, nor did he claim national origin discrimination or *allege any facts relating to his national origin or that of Stewart–Jones in the narrative portion of his EEOC charge*. Instead, he asserted only claims for, and *alleged facts relating to*, age discrimination in violation of the ADEA and retaliation in violation of Title VII, noting that he was 52 years old when he responded to the job posting and that he had previously filed complaints against NIH. Under these circumstances, he failed to exhaust the national origin claim." (emphases added) (citations to record removed)); *Byington v. NBRS Fin. Bank*, 903 F. Supp. 2d 342, 350 (D. Md. 2012) ("Byington did not check the box for discrimination based on age, and *there is no reference to age discrimination in the narrative portion of the document*. . . .

Accordingly, Byington failed to achieve full administrative exhaustion on the ADEA claim, and it is, therefore, dismissed for lack of subject matter jurisdiction." (emphasis added) (citations to record removed)).

As for what that narrative must allege, the elements of retaliation in violation of the ADA are "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Hamilton v. Prince George's Cty. Police Dep't*, No. DKC 17-2300, 2018 WL 1365847, at *6 (D. Md. Mar. 16, 2018) (quoting *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)).  With regard to the first element, "protected activity is conduct 'oppos[ing] any practice made an unlawful employment practice[.]'" *Id.* (quoting 42 U.S.C. § 2000e-3(a)). This "expansive" definition "'encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.'" *Id.* (quoting *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998)). A request for an accommodation is a protected activity under the ADA.  *See Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001).  Also, a complaint to an employer qualifies as protected activity "when 'the employee "communicates to [his or] her employer a belief that the employer has engaged in . . . a form of employment discrimination"'" in violation of his or her federal rights. *Hamilton*, 2018 WL 1365847, at *6 (quoting *Bowman v. Balt. City Bd. of Sch. Comm'rs*, 173 F. Supp. 3d 242, 248 (D. Md. 2016) (quoting *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276 (2009))).  An informal complaint "do[es] not need to use legally actionable words or cite specific statutes" as long as it "state[s] generally that a person is a victim of discrimination." *Id.* (citing *Okoli v. City of Balt.*, 648 F.3d 216, 224 (4th Cir. 2011)).

In *Sillah v. Burwell*, the plaintiff brought, *inter alia*, an ADA retaliation claim, and the defendant moved to dismiss, arguing that "the narrative portion of Plaintiff's [administrative] Complaint lacked any discussion related to ADA retaliation." 244 F. Supp. 3d 499, 509 (D. Md. 2017). There, the administrative complaint had "allege[d] that Plaintiff requested an accommodation by informing her . . . supervisor of her doctor's instructions and limitations around August 12, 2015"; six days later, she "was called to a meeting" where her supervisor and officials at the National Institutes of Health "'treated [her] doctor's instructions and limitations with derision'"; and four days after that, she was fired. *Id.* at 510 (quoting record). This Court concluded that "Plaintiff's ADA retaliation claim survives dismissal" because the administrative complaint "include[d] facts reasonable related to a claim of retaliation under the ADA with regard to disability discrimination due to her high-risk pregnancy." *Id.* at 509. It reasoned:

> Plaintiff's request for an accommodation is a protected activity under the ADA. *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001) (requesting an accommodation is a protected activity under the ADA). Plaintiff's MCOHR Complaint further alleges that she was terminated contemporaneously with confronting her employer regarding the denial of reasonable accommodations for her disability. As such, Plaintiff alleged the "who, what, when, and where" of her disability-based retaliation claim sufficient to allow for a reasonable investigation. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005); *accord Parkinson v. Anne Arundel Med. Ctr., Inc.*, 214 F.Supp.2d 511, 517 n.9 (D. Md. 2002), *aff'd sub nom. Parkinson v. Anne Arundel Med. Ctr.*, 79 Fed. Appx. 602 (4th Cir. 2003) ("Although plaintiff did not check the retaliation box on his Equal Employment Opportunity Commission charge of discrimination, his attached narrative was similar to his complaint in this case and could have led the EEOC to investigate a retaliation claim.").

*Sillah*, 244 F. Supp. 3d at 510.

Likewise, here, Loconte alleged in the narrative attached to his EEOC Charge (i.e., his Filing of Charges), as discussed above, that he engaged in the protected activity of seeking accommodations for his disability; his complaints that the County was taking disciplinary action based on his disability were also protected activities. And, like Sillah, he alleged in his narrative

that the defendant terminated his employment and his termination was causally connected to his protected activity. Given Loconte's *pro se* status at the time he filed the Filing of Charges,[1] and considering that "the exhaustion requirement should not become a tripwire for hapless plaintiffs," *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012), I construe his allegations to be a claim for retaliation. *See Hamilton*, 2018 WL 1365847, at *6. Thus, Loconte's narrative attachment to his EEOC Charge, which I consider in determining what claims he brought before the EEOC, includes a retaliation claim. *See Sillah*, 244 F. Supp. 3d at 509. The County's Motion to Dismiss the retaliation claim for failure to exhaust administrative remedies is denied.

## ORDER

Accordingly, it is, this <u>1st</u> day of <u>August</u>, <u>2018</u>, hereby ORDERED that the County's Motion to Dismiss, ECF No. 14, construed in part as a motion for summary judgment, IS DENIED. The County's Answer is due April 15, 2018.


_____/S/_____
Paul W. Grimm
United States District Judge

lyb

---

[1] Loconte retained counsel after the County filed its Motion to Dismiss. *See* Docket.